Citation Nr: 1755124 
Decision Date: 11/06/17 Archive Date: 12/07/17

DOCKET NO. 10-03 714 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to service connection for a respiratory disability, to include as due to radiation and/or asbestos exposure.

2. Entitlement to service connection for hypertension, to include as due to radiation exposure.

REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

G. Slovick, Counsel


INTRODUCTION

The Veteran had active service from September 1974 to September 1977.

These matters come before the Board of Veterans' Appeals (Board) from a February 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In July 2012 the Veteran testified during a Board hearing before the undersigned at the RO. A transcript of that hearing is of record. 

In February 2014, the Board denied the Veteran's claim for service connection for hypertension and remanded the issue of entitlement to service connection for a respiratory disability. The Veteran appealed the Board's denial of service connection for hypertension to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion for Remand (JMR), the Court, in a March 2015 Order, vacated the Board's February 2014 decision as to the denial of the issue of service connection for hypertension and remanded the matter to the Board. The Board then remanded both claims to the agency of original jurisdiction (AOJ) in June 2015 for further evidentiary development and adjudication.

The appeal was last remanded in January 2017 for additional development. Regrettably, more development is necessary and the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.




REMAND

In its January 2017 remand, the Board requested that the RO refer the claims file to Under Secretary for Health for a dose estimate or range of possible doses of radiation.

In a March 2017 finding, the Director of the 9-11 Era Environmental Health Program, a medical doctor, found that since the Veteran's lifetime total radiation dose did not exceed 10 REM above natural background, it was unlikely that a respiratory disability and/or hypertension were caused by exposure to ionizing radiation during military service. This conclusion was based upon a finding that the Veteran's maximum possible radiation dose was .07 REM during his time on Enewetak Atoll. 

Significantly, however, in an April 2017 Formal Findings of Asbestos Exposure memorandum from Veteran's Service Representative R.C., it was noted that the official Marshall Islands Lawrence Livermore Laboratory website found that the adequacy of cleanup in the northern islands of Enewetak was brought into question. This was because the predictive dose estimate showed that ingestion of cesium-137 and other fission products from consumption of locally grown terrestrial foods was the most significant route for human exposure to residual fallout contamination on atolls affected by the nuclear test program. 

It appears that the March 2017 findings may rely upon dosimetry estimates which are put into question by the findings of the Marshall Islands Lawrence Livermore Laboratory and the Board may not make a determination which requires medical expertise. Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991).

On remand, the Board finds that the Veteran's claim should be returned to the Director of the 9-11 Era Environmental Health Program for further consideration of the Veteran's respiratory disability and hypertension to include a review of the April 2017 findings and the findings of the Marshall Islands Lawrence Livermore Laboratory described above.

Finally, at a May 2017 VA examination, the Veteran indicated that he was first found to have hypertension when he sought admission to the Coatesville VA medical center for alcohol and drug treatment in the 1970s or 1980s. The Veteran further reported that he was transferred to Coatesville Hospital for thirty days. 

Presently, treatment records from the Coatesville VA medical center are not associated with the claims file. Thus, VA must obtain the all available treatment records treatment from that VA medical center, as well as any records not already associated with the claims file. See Bell v. Derwinski, 2 Vet. App. 611 (1992).

Finally, the May 2017 VA examiner concluded that it was less likely than not that the Veteran's hypertension was related to service relying in part on the Veteran's statement that he was first found to have elevated blood pressure in the 1980s. In so doing, the VA examiner failed to adequately address the Veteran's assertion that he was told he had hypertension in 1978, as instructed in the January 2017 Board remand. Thus, substantial compliance with the Board's remand directives was not satisfied, and this matter must be remanded once more to ensure proper development. Stegall v. West, 11 Vet. App. 268 (1998). Once all of the development requested above has taken place, the claims file should be returned to the May 2017 VA examiner, if available, to specifically address the Veteran's statement that his private physician told him in 1978 that he had hypertension. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he clarify the dates and location of any and all VA treatment or private treatment for a respiratory disability and/or hypertension. Regardless of the Veteran's response, the AOJ should verify whether there are additional treatment records from the VA medical center in Coatesville, Pennsylvania Copies of the records must be associated the claims file. All efforts to obtain the records must be documented in the claims file.

2. Return the claims file to the Director of 9-11 Era Environmental Health Program for review of the April 2017 report of R.C. and review of the findings available in https://marshallislands.llnl.gov/enewetak.php. Following this review, make a new determination as to the Veteran's exposure to radiation and any relationship between any exposure found and the Veteran's respiratory disability and/or his hypertension.

Conduct any additional development deemed necessary following the completion of the above.

3. Return the claims file to the May 2017 VA examiner, if available, or provide an appropriate physician with the claims file for an opinion as to whether it is at least as likely as not (i.e., there is at least a 50 percent probability) that the Veteran's hypertension is related to his time in service or began within a year of his separation from service. 

In rendering these opinions, the examiner must specifically discuss the Veteran's statement that his private physician told him in 1978, less than a year after his separation from service, that he had hypertension. The Board notes that the Veteran is competent to report what he was told about a diagnosis and instructs the examiner not to disregard the statement simply because it was made by the Veteran and not directly by the physician in question.

The examiner must set forth the complete rationale for all opinions expressed, to include citation to pertinent evidence of record and/or medical authority, as appropriate. Citations to the record or relevant medical principles must be included as necessary to explain the examiner's opinions. 

4. Then, readjudicate the claims on appeal in light of all of the evidence of record. If any issue remains denied, the Veteran and his representative should be provided with a supplemental statement of the case as to any issue remaining on appeal, and afforded a reasonable period of time within which to respond thereto.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
D. C. Spickler
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).